**HUI LING ZHUO, Petitioner,**

v.

**Michael B. MUKASEY, U.S. Attorney General,\* Respondent.**

No. 07–1167–ag.

United States Court of Appeals, Second Circuit.

March 13, 2008.

Gary J. Yerman, New York, NY, for Petitioner.

Siu Wong, Trial Attorney, (Peter D. Keisler, Assistant Attorney General, Anthony W. Norwood, Senior Litigation Counsel, on the brief), Office of Immigration Litigation, U.S. Department of Justice, Washington, DC, for Respondent.

PRESENT: JOSÉ A. CABRANES, ROSEMARY S. POOLER and ROBERT D. SACK, Circuit Judges.

**SUMMARY ORDER**

Petitioner, Hui Ling Zhuo, a native and citizen of China, seeks review of a March 5, 2007 order of the BIA affirming the August 18, 2005 decision of an Immigration Judge ("IJ") denying petitioner's application for asylum, withholding of remov-

al, and relief under the Convention Against Torture.[1] *In re Hui Ling Zhuo,* No. A 95 660 570 (B.I.A. Mar. 5, 2007), *aff'g* No. A 95 660 570 (Immig. Ct. N.Y. City Aug. 18, 2005). We assume the parties' familiarity with the facts and procedural history of the case. In her petition, Zhuo argues that the BIA erred in affirming the IJ's adverse credibility determination on the basis of minor discrepancies in her testimony; that the BIA and IJ erred in relying upon discrepancies between her testimony before the IJ and her airport interview; and that she has demonstrated her eligibility for asylum and withholding of removal.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review the BIA's decision and the IJ's decision including the portions of that decision not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

We conclude that the IJ's adverse credibility determination was based on substantial evidence. *See, e.g., Shu Wen Sun v. BIA,* 510 F.3d 377, 381 (2d Cir.2007). An IJ may properly use minor inconsistencies to support an adverse credibility determination where the IJ's findings already placed into doubt a petitioner's credibility.

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as respondent in this case.

1. The parties agree that the IJ's denial of relief in this case is equivalent, for the purposes of our jurisdiction under 8 U.S.C. § 1252(a)(1), to a final order of removal. *See also Kanacevic v. INS,* 448 F.3d 129, 133–35 (2d Cir.2006).

*See Diallo v. INS,* 232 F.3d 279, 288 (2d Cir.2000). As petitioner's counsel observed at oral argument, the IJ did not, in fact, rely upon discrepancies between her testimony before the IJ and her airport interview. The IJ's adverse credibility determination was based on numerous inconsistencies in petitioner's testimony as well as the IJ's own assessment of petitioner's demeanor. *See id.*

The IJ further found that even if Zhuo were credible she failed to establish eligibility for asylum because she had not established past persecution during her brief detention or a well-founded fear of future persecution because her Christian parents remained in China without harm and she was able to use her own passport to leave the country without interference from officials. Additionally, the IJ found that Zhuo would be able to relocate because it appeared that only local officials had allegedly persecuted her. Accordingly, we can confidently predict that the same determination and resulting denial of relief "would be made in the absence of the [alleged] deficiencies." *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 336 (2d Cir.2006).

The petition for review is **DENIED.**